UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH NICHOLS, III, <br> Petitioner, <br> v. <br> CHRISTIAN PFEIFFER, Warden, <br> Respondent. | Case No. 2:19-cv-10235-DSF-JC <br><br> ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND ACTION WITHOUT PREJUDICE |

**I.　SUMMARY**

On December 3, 2019, petitioner Joseph Nichols, III, who is proceeding *pro se*, formally filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Current Federal Petition"). The Current Federal Petition challenges petitioner's 1993 conviction and sentence in Los Angeles County Superior Court Case No. PA007472 ("State Case").

Based on the record (including facts as to which this Court takes judicial notice as detailed below) and the applicable law, the Current Federal Petition and this action are dismissed without prejudice for lack of jurisdiction because petitioner did not obtain the requisite authorization from the Court of Appeals to file a successive petition. Further, the Clerk of the Court is directed to refer the

///

Current Federal Petition to the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") pursuant to Ninth Circuit Rule 22-3(a).[1]

## II. PROCEDURAL HISTORY[2]

### A. State Proceedings

On July 8, 1993, a Los Angeles County Superior Court jury convicted petitioner of kidnapping for robbery, second degree robbery, dissuading a witness by force or threat, and evading an officer. The jury also found true allegations that petitioner personally used a firearm in the commission of the foregoing crimes.

///

---

[1] Ninth Circuit Rule 22-3(a) provides in pertinent part: "Any petitioner seeking authorization to file a second or successive 2254 petition . . . in the district court must file an application in the Court of Appeals demonstrating entitlement to such leave under 28 U.S.C. § 2254 . . . . If a second or successive petition . . . is mistakenly submitted to the district court, the district court shall refer it to the [C]ourt of [A]ppeals."

[2] The facts and procedural history set forth in this section are derived from the Current Federal Petition and supporting documents and dockets/court records in the following Central District of California ("CDCA") and Ninth Circuit cases of which this Court takes judicial notice: (1) Nichols v. Small, CDCA Case No. 99-10778 LGB(SH) ("First Federal Action"); (2) Nichols v. Evans, CDCA Case No. 06-3278 DSF(SH) ("Second Federal Action"); (3) Nichols v. Evans, CDCA Case No. 06-4168 DSF(SH) ("Third Federal Action"); (4) Nichols v. Evans, CDCA Case No. 06-4481 DSF(SH) ("Fourth Federal Action"); (5) Nichols v. Hedgpeth, CDCA Case No. 09-5418 DSF(SH) ("Fifth Federal Action"); (6) Nichols v. Hedgpeth, CDCA Case No. 11-10181 DSF(SH) ("Sixth Federal Action"); (7) Nichols v. Soto, CDCA Case No. 14-6345 DSF(SH) ("Seventh Federal Action"); (8) Nichols v. Asuncion, CDCA Case No. 16-5405 DSF(JC) ("Eighth Federal Action"); (9) Nichols v. Arnold, CDCA Case No. 17-8490 DSF(JC) ("Ninth Federal Action"); (10) Nichols v. Arnold, CDCA Case No. 17-9271 DSF(JC) ("Tenth Federal Action"); (11) Nichols v. Pfeiffer, CDCA Case No. 19-4433 DSF(JC) ("Eleventh Federal Action"); (12) Nichols v. Pfeiffer, CDCA Case No. 19-6356 DSF(JC) ("Twelfth Federal Action"); (13) Nichols v. Small, Ninth Circuit Case No. 00-56241 ("First Ninth Circuit Action"); (14) Nichols v. Evans, Ninth Circuit Case No. 06-56075 ("Second Ninth Circuit Action"); (15) Nichols v. Hedgpeth, Ninth Circuit Case No. 10-55412 ("Third Ninth Circuit Action"); (16) Nichols v. Hedgpeth, Ninth Circuit Case No. 11-56735 ("Fourth Ninth Circuit Action"); (17) Nichols v. Asuncion, Ninth Circuit Case No. 16-72582 ("Fifth Ninth Circuit Action"); and (18) Nichols v. Pfeiffer, Ninth Circuit Case No. 19-71334 ("Sixth Ninth Circuit Action"). See Fed. R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

On direct appeal, the California Court of Appeal struck a personal firearm use enhancement and a prior conviction enhancement, but affirmed the judgment in all other respects. The California Supreme Court denied review on February 1, 1995.

Petitioner thereafter sought, and was denied state habeas relief in the Los Angeles County Superior Court, the California Court of Appeal, and the California Supreme Court.

### B. First Federal Action (CDCA Case No. 99-10778) and First Ninth Circuit Action (Case No. 00-56241)

On November 15, 1999, petitioner formally filed the operative first amended petition for writ of habeas corpus ("First Federal Petition") in the First Federal Action, challenging the judgment in the State Case. On June 23, 2000, the assigned Magistrate Judge issued a Final Report and Recommendation of United States Magistrate Judge, recommending that the First Federal Action be dismissed with prejudice because the First Federal Petition was time-barred. On June 23, 2000, the assigned District Judge issued an Order Adopting Final Report and Recommendation of United States Magistrate Judge and dismissed the First Federal Petition with prejudice. On June 27, 2000, judgment was entered accordingly.

On July 6, 2000, petitioner filed a notice of appeal. On December 28, 2000, in the First Ninth Circuit Action, the Ninth Circuit denied petitioner's request for a certificate of appealability.

### C. Second Federal Action (CDCA Case No. 06-3278) and Second Ninth Circuit Action (Case No. 06-56075)

On May 26, 2006, petitioner filed a petition for writ of habeas corpus ("Second Federal Petition") in the Second Federal Action, again challenging the judgment in the State Case. On May 31, 2006, this Court summarily dismissed the
///

Second State Petition without prejudice as successive. On July 3, 2006, this Court denied petitioner's motion to vacate judgment.

On August 1, 2006, after being afforded an extension of time, petitioner filed a Notice of Appeal. On March 27, 2007, in the Second Ninth Circuit Action, the Ninth Circuit denied petitioner's request for a certificate of appealability.

### D. Third Federal Action (CDCA Case No. 06-4168)

On June 30, 2006, petitioner filed a petition for writ of habeas corpus ("Third Federal Petition") in the Third Federal Action, again challenging the judgment in the State Case. On July 6, 2006, this Court summarily dismissed the Third Federal Petition without prejudice as successive. Petitioner did not appeal.

### E. Fourth Federal Action (CDCA Case No. 06-4481)

On July 18, 2006, petitioner filed a petition for writ of habeas corpus ("Fourth Federal Petition") in the Fourth Federal Action, again challenging the judgment in the State Case. On July 20, 2006, this Court summarily dismissed the Fourth Federal Petition without prejudice as successive. Petitioner did not appeal.

### F. Fifth Federal Action (CDCA Case No. 09-5418), Third Ninth Circuit Action (Case No. 10-55412) and Fourth Ninth Circuit Action (11-56735)

On July 24, 2009, petitioner filed a petition for writ of habeas corpus ("Fifth Federal Petition") in the Fifth Federal Action, again challenging the judgment in the State Case. On August 11, 2009, this Court summarily dismissed the Fifth Federal Petition without prejudice as successive. On September 17, 2009, petitioner filed a Notice of Appeal, appealing such dismissal.

On February 11, 2010, this Court denied petitioner's motion to vacate judgment. On March 12, 2010, petitioner filed another Notice of Appeal, appealing such denial.

On October 24, 2011, in the Third and Fourth Ninth Circuit Actions, the Ninth Circuit denied petitioner's requests for certificates of appealability.

### G. Sixth Federal Action (CDCA Case No. 11-10181)

On December 8, 2011, petitioner filed a petition for writ of habeas corpus ("Sixth Federal Petition") in the Sixth Federal Action, again challenging the judgment in the State Case. On December 27, 2011, this Court summarily dismissed the Sixth Federal Petition without prejudice as successive. Petitioner did not appeal.

### H. Seventh Federal Action (CDCA Case No. 14-6345)

On August 13, 2014, petitioner filed a petition for writ of habeas corpus ("Seventh Federal Petition") in the Seventh Federal Action, again challenging the judgment in the State Case. On August 15, 2014, this Court summarily dismissed the Seventh Federal Petition without prejudice as successive. On September 11, 2014, this Court denied petitioner's motion to vacate judgment. Petitioner did not appeal.

### I. Eighth Federal Petition (CDCA Case No. 16-5405) and Fifth Ninth Circuit Action (Case No. 16-72582)

On July 20, 2016, petitioner filed a petition for writ of habeas corpus ("Eighth Federal Petition") in the Eighth Federal Action, again challenging the judgment in the State Case. On August 1, 2016, this Court summarily dismissed the Eighth Federal Petition without prejudice as successive and directed the Clerk to refer the matter to the Ninth Circuit pursuant to Ninth Circuit Rule 22-3(a). See supra note 1. Judgment was entered accordingly on August 2, 2016. Petitioner did not appeal.

On February 15, 2017, in the Fifth Ninth Circuit Action, the Ninth Circuit denied petitioner leave to file a second or successive 28 U.S.C. § 2254 habeas corpus petition.

### J. Ninth Federal Petition (CDCA Case No. 17-8490)

On November 21, 2017, petitioner filed a petition for writ of habeas corpus ("Ninth Federal Petition") in the Ninth Federal Action, again challenging the

judgment in the State Case. On December 4, 2017, this Court summarily dismissed the Ninth Federal Petition without prejudice as successive. Judgment was entered accordingly on the same date. Petitioner did not appeal.

### K. Tenth Federal Petition (CDCA Case No. 17-9271)

On December 28, 2017, petitioner filed a petition for writ of habeas corpus ("Tenth Federal Petition") in the Tenth Federal Action which primarily raised parole issues, but also appeared to challenge the judgment in the State Case. On April 4, 2018, this Court summarily dismissed the Tenth Federal Petition, in part because to the extent it challenged the judgment in the State Case, it was successive. Judgment was entered accordingly on April 5, 2018. Petitioner did not appeal.

### L. Eleventh Federal Petition (CDCA Case No. 19-4433) and Sixth Ninth Circuit Action (Case No. 19-71334)

On May 22, 2019, petitioner filed a petition for writ of habeas corpus ("Eleventh Federal Petition") in the Eleventh Federal Action, again challenging the judgment in the State Case. On May 29, 2019, this Court summarily dismissed the Eleventh Federal Petition without prejudice as successive and directed the Clerk to refer the matter to the Ninth Circuit pursuant to Ninth Circuit Rule 22-3(a). See supra note 1. Judgment was entered accordingly on May 30, 2019. Petitioner did not appeal.

On July 19, 2019, in the Sixth Ninth Circuit Action, the Ninth Circuit denied petitioner leave to file a second or successive 28 U.S.C. § 2254 habeas corpus petition.

### M. Twelfth Federal Petition (CDCA Case No. 19-6356)

On July 22, 2019, petitioner filed a petition for writ of habeas corpus ("Twelfth Federal Petition") in the Twelfth Federal Action which raised parole issues. On August 26, 2019, this Court summarily dismissed the Twelfth Federal
///

Petition. Judgment was entered accordingly on the same date. Petitioner did not appeal.

### N. Current Federal Petition

As noted above, on December 3, 2019, petitioner formally filed the Current Federal Petition which again challenges the judgment in the State Case. The record does not reflect that petitioner has obtained authorization from the Ninth Circuit to file the Current Federal Petition in District Court.[3]

## III. DISCUSSION

Before a habeas petitioner may file a second or successive petition in a district court, he must apply to the appropriate court of appeals for an order authorizing the district court to consider the application. Burton v. Stewart, 549 U.S. 147, 152-53 (2007) (citing 28 U.S.C. § 2244(b)(3)(A)). This provision "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." Felker v. Turpin, 518 U.S. 651, 657 (1996); see also Reyes v. Vaughn, 276 F.Supp.2d 1027, 1028-30 (C.D. Cal. 2003) (discussing applicable procedures in Ninth Circuit). A district court lacks jurisdiction to consider the merits of a second or successive habeas petition in the absence of proper authorization from a court of appeals. Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) (citing United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998)), cert. denied, 538 U.S. 984 (2003).

A second or subsequent habeas petition is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason, rather than on the merits. See Slack v. McDaniel, 529 U.S. 473, 485-487 (2000) (second habeas petition not "successive" if initial habeas petition dismissed for failure to exhaust state remedies); Stewart v. Martinez-Villareal, 523 U.S. 637, 643-645

---

[3] A search of the court's PACER system does not reflect that petitioner has been granted leave to file a second or successive petition by the Ninth Circuit.

7

(1998) (second habeas petition not "successive" if claim raised in first habeas petition dismissed as premature); but see McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (dismissal on statute of limitations grounds constitutes disposition on the merits rendering subsequent petition "second or successive"); Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir.) (dismissal on procedural default grounds constitutes disposition on the merits rendering subsequent petition "second or successive"), cert. denied, 546 U.S. 884 (2005); Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228 (1995) (dismissal for failure to prosecute treated as judgment on the merits) (citations omitted); Reyes v. United States, 1999 WL 1021815 *3 (E.D.N.Y. 1999) (dismissal of first habeas petition for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) constitutes dismissal on the merits and renders subsequently filed habeas petition second or successive).

Petitioner's First Federal Petition was dismissed with prejudice as untimely – a determination which the Ninth Circuit has deemed to constitute a disposition on the merits. See McNabb, 576 F.3d at 1030. Accordingly, the Current Federal Petition – like the Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, portion of the Tenth, and Eleventh Federal Petitions – is successive. Since petitioner filed the Current Federal Petition without authorization from the Ninth Circuit, this Court lacks jurisdiction to consider it.

**IV. ORDER**

IT IS THEREFORE ORDERED that the Current Federal Petition and this action are dismissed without prejudice. The Clerk of the Court is directed to refer the Current Federal Petition to the Ninth Circuit pursuant to Ninth Circuit Rule 22-3(a).

IT IS SO ORDERED.

DATED: December 17, 2019  _____
HONORABLE DALE S. FISCHER
UNITED STATES DISTRICT JUDGE